**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MICHELE GRAY,

                          Plaintiff,

      v.                                                                               1:20-CV-718
                                                                     (DNH/CFH)

FIDELITY INVESTMENT,

                         Defendant.

---

**APPEARANCES**:                                    **OF COUNSEL:**

Michele Gray
165A Vandenburgh Place
Apt 1
Troy, New York 12180
Plaintiff pro se

Bressler, Amery Law Firm - NY Office    NIKOLAS S. KOMYATI, ESQ.
34th Floor
17 State Street
New York, New York 10004

## DECISION & ORDER

      Presently before the Court are plaintiff pro se Michele Gray's (1) Motion to Reargue this Court's denial of pro se ECF access, and (2) second motion for pro se ECF access. Dkt. Nos. 15, 18.

      On August 20, 2020, this Court, by text order, denied plaintiff's first motion (dkt. no. 4) to obtain a pro se ECF account and password in order to participate in electronic filing. Dkt. No. 13. In so denying, the Court stated that plaintiff "has not set forth any reason why she requires access to CM-ECF filing. A review of the docket shows that

1

plaintiff has been able to successfully prosecute this action without access to ECF." Id.

In seeking to "reargue" the Court's August 20, 2020, denial of her first motion, plaintiff provides the following reasons for requesting ECF access (1) defendant's appearance in the case as "[t]he main reason for the court to deny my ECF for all others cases was due to the fact that the defendant hadn't enter [sic] the case so the plaintiff is requesting access to ECF since the defendant has entered the case"; (2) apparently in August 2020, plaintiff had "an issue with the mailbox being broken, left open missing mail and a spare key, when the plaintiff request the landlord/management to fix the box it took 17 days, which resulted in missing mail" and an apparent "lack of communication" from USPS regarding a mail hold she requested; (3) plaintiff cannot afford the Uber/bus costs to travel to and from the courthouse, she cannot afford the nor the ink necessary to print documents, and has other expenses such as paying a "service for processor and affidavit" and sending documents to defendants in this case and plaintiff's other cases; (4) plaintiff suggests that mailing in her submissions in this case will result in delays due to the pandemic as "USPS couldn't complete a simple task as to hold mail . . . so the plaintiff is requesting ECF access due to highly unlikely regular mail would reach the court in the timeframe allowed by the court to serve the purpose of reply to any motion," and (5) plaintiff again references litigation expenses, including being unable to access this case's orders on PACER due to the expense, and household expenses. Dkt. No. 15.

First, the Court sends plaintiff a courtesy copy of every order it enters in this case. Additionally, defendant is required to send plaintiff a copy of any document it

2

files.  Thus, as plaintiff has been provided with hard copies of all of the defendant's submissions in this case and all orders and communications from this Court. Thus, plaintiff should not have a need to access documents on PACER and should be fully apprised of the current state of this case.  Insofar as plaintiff has a desire to view the submissions in this case electronically or to print additional copies beyond the copies provided to her by the Court and defendant, this desire is not necessary for her effective litigation of this case nor is it a reason to permit pro se ECF access.

Insofar as plaintiff references mail difficulties or problems with USPS/UPS, plaintiff has not indicated that trouble with her mail is ongoing, rather she states that there was a period of 17 days in August 2020 where her mailbox was broken and/or she did not have her mailbox key.   Plaintiff also makes reference to delays in sending her documents by mail due to difficulties getting a mail hold from USPS.  Plaintiff fails to demonstrate how a past issue with obtaining a mail hold means that the Court will not receive her submissions if she sends them in a timely manner or that she has not received all necessary documents from the Court or defendant.  There is also no evidence that the pandemic is resulting in current mailing delays with the USPS, or that any of her submissions were delayed due to the pandemic. Further, although plaintiff states that she cannot afford the fees to travel to and from the Court for filing, she is not required to file documents in person and she may send in submissions by mail as long as she sends these submissions within the required deadlines.

Insofar as plaintiff references litigation and household expenses as a reason for requesting e-filing, the Court reiterates that she is not required to file her submissions in

3

person and also does not need to view the documents in this case electronically or print the Court's orders, as she has been mailed hard copies of all of the filings in this case.

Finally, although plaintiff indicates that in other cases she has filed with this Court, her ECF requests were denied because the defendants had not yet appeared, that defendant has appeared in this case is not a reason, alone, to allow ECF access.

Ultimately, plaintiff does not indicate that she has been unable to maintain communications with either the court or defendant's counsel, and review of the docket has not suggested that traditional filing methods have impeded her ability to effectively litigate this action.  In view of the foregoing, it is hereby

**ORDERED**, that plaintiff's request to "reargue" this Court's denial of her first request for an ECF login and password (dkt. no. 15), and her second request for an ECF login and password (dkt. no.18) to file her submissions through ECF are **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court send plaintiff a courtesy copy of this case's current docket sheet.

**SO ORDERED.**

Dated: October 6, 2020
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

4