**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MICHELE GRAY,

                     Plaintiff,

        v.                                      1:20-CV-718
                                              (DNH/CFH)

FIDELITY INVESTMENT,

                     Defendant.

---

**APPEARANCES**:                        **OF COUNSEL:**

Michele Gray
165A Vandenburgh Place
Apt 1
Troy, New York 12180
Plaintiff pro se

Bressler, Amery Law Firm - NY Office         NIKOLAS S. KOMYATI, ESQ.
34th Floor
17 State Street
New York, New York 10004
Attorneys for defendant

### DECISION & ORDER

     Presently before the Court are plaintiff pro se Michele Gray's Motions for

Appointment of Counsel.  Dkt. Nos. 3, 17.

### I.  **Legal Standards**

     Prior to evaluating a request for appointment of counsel, a party must

demonstrate that he is unable to obtain counsel through the private sector or public

interest firms.  Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 173-74 (2d Cir. 1989)

(citing Hodge, 802 F.2d at 61).  Courts cannot utilize a bright-line test in determining

whether counsel should be appointed on behalf of an indigent party.  Hendricks v.

Coughlin, 114 F.3d 390, 392-93 (2d Cir. 1997).  In Terminate Control Corp. v. Horowitz,

the Second Circuit reiterated the factors that a court must consider in ruling upon a

motion seeking assignment of counsel:

> [T]he district judge should first determine whether the
> indigent's position seems likely to be of substance. If the
> claim meets this threshold requirement, the court should
> then consider the indigent's ability to investigate the crucial
> facts, whether conflicting evidence implicating the need for
> cross-examination will be the major proof presented to the
> fact finder, the indigent's ability to present the case, the
> complexity of the legal issues and any special reason in th[e]
> case why appointment of counsel would be more likely to
> lead to a just determination.

28 F.3d 1335, 1341 (2d Cir. 1994)  (quoting Hodge v. Police Officers, 802 F.2d 58, 61

(2d Cir. 1986).  Of these criteria, the Second Circuit has emphasized the importance of

assessing "whether the indigent's position was likely of substance."  Cooper v. A.

Sargente & Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989).  Thus, appointments of counsel

are not to be granted "indiscriminately."  Id.  Although 28 U.S.C. § 1915(e)(1) authorizes

the court "to request an attorney to represent any person unable to afford  counsel," a

civil litigant has no constitutional right to the assistance of counsel.  Berrios v. New York

City Housing Auth., 564 F.3d 130, 135 (2d Cir. 2009).

## II.  Discussion

### A.  Plaintiff's Motions

   In her first motion for appointment of counsel, plaintiff provides that she "is

financially unable to hire an attorney" and the "only income [she has] is Social Security

2

Disability." Dkt. No. 3. She includes a list of five attorneys or law firms she states she contacted. However, she does not provide evidence of her communications nor explain the content of her communications with these law firms. Id. at 2. In her second motion for appointment of counsel, plaintiff again lists the same five attorneys/law firms she alleges to have contacted. Dkt. No. 17. In response to the question asking why she believes she should be appointed pro bono counsel, plaintiff responded: (1) "Clerk is to provide guidance with materials and in filling out Court-approved forms which cause defendant to response [sic] to mistakes made in certificate of serve [sic] plaintiff didn't personally serve defendant plaintiff mailed case by USP [sic] and filing have mistake (plaintiff signed NOTICE on 6/29/20"; (2) "plaintiff cannot defend against the defendant in Jurisdictions, Arbitration and Filing a Claim"; (3) "Plaintiff cannot afford to proceed without ECF and attorney; plaintiff put all saving [sic] into the case"; (4) Plaintiff's motion and orders by the judge is being denied or/and no response"; and (5) "Plaintiff need more time to respond requesting extension, may be denied as well." Id.

## B. Analysis

Even assuming plaintiff met her requirement of demonstrating the efforts she has made to obtain counsel on her own, plaintiff has failed to meet other requirements of demonstrating that appointment of counsel is necessary and appropriate in this action. First, plaintiff's action was fairly recently commenced.[1] Although defendant has filed a pre-answer motions to dismiss, the matter has not yet been decided by the Court. Dkt.

---

[1] Plaintiff commenced this action on June 29, 2020. See Dkt. No. 1.

3

No. 16. Thus, this Court has not yet had any opportunity to assess the merits of her claims. Where a plaintiff does not provide a Court with evidence, as opposed to mere allegations, relating to her claims against the defendant(s), she does not meet the first requirement imposed by the Second Circuit relative to application seeking appointment of counsel. Harmon v. Runyon, No. 96-CV-6080, 1997 WL 118379, at *1 (S.D.N.Y. Mar. 17, 1997).[2]

Second, upon initial examination of the case, although plaintiff appears to contend that she is unable to litigate ("defend against") this case as well as proceed with arbitration, that commencing an action – and in plaintiff's case, several actions in this District – comes with responsibilities, that burden is not unique to plaintiff. Plaintiff's participation is required to litigate this action, as well as any action any plaintiff may commence. Accordingly, it appears to the Court as though, to date, plaintiff has been able to effectively litigate this action without the assistance of counsel.

Third, although it is possible that there will be more complicated matters that may arise should this action get past dispositive motions and proceed to trial, as is the case in many actions brought by pro se litigants, "this factor alone is not determinative of a motion for appointment of counsel." Velasquez v. O'Keefe, 899 F. Supp. 974, 974 (E.D.N.Y. 1994). That plaintiff is pro se, inexperienced in legal matters, and defendant is represented by counsel, does not require this Court to appoint plaintiff counsel. Were that the case, counsel would need to be appointed to nearly every pro se plaintiff in civil actions.

---

[2] Unpublished cases cited within have been provided to plaintiff.

Fourth, plaintiff's financial inability to hire an attorney also does not require the appointment of counsel in a civil case such as this, especially at such an early stage in the case.  Appointment of counsel in civil cases is a privilege which is justified only by exceptional circumstances, not a right accorded to any plaintiff who would be better equipped or would feel more comfortable with legal representation.          Although plaintiff may prefer the assistance of counsel, as indicated, it does appear based on plaintiff's submissions thus far that she is capable of representing her positions.  See, e.g., Brown v. Enzyme Dev. Div. of Biddle Sawyer Corp., 780 F. Supp. 1025, 1026 (S.D.N.Y. 1992).  Lack of knowledge of the law does not suffice to demonstrate that appointment of counsel would increase the likelihood of a just determination in this case.  See Ballard v. United States, 11 Civ. 7162 (JSR)(RLE), 2012 WL 3765022, at *1 (S.D.N.Y. Aug. 30, 2012) (denying appointment of counsel and stating that, "other than his general comment that he is 'completely unfamiliar with law,' the plaintiff "has not demonstrated any marked difficulties in presenting his case and fails to state why appointment of counsel would increase the likelihood of a just determination in this case.").[3]

Finally, this Court is unaware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation. Insofar as plaintiff appears to indicate that she intends to request an extension to respond, if plaintiff is in need of an extension of time to respond to defendant's motion, should she have good cause for needing an extension, she may request that extension from the

---

[3]  Unpublished cases cited within this Decision & Order have been provided to plaintiff pro se.

Court by sending the Court a letter, before the expiration of the deadline to respond,

and explain her reason for requesting the extension.

### III.  Conclusion

Accordingly, plaintiff's motions for appointment of pro bono counsel, dkt. nos. 3,

17 are DENIED.  The denial is without prejudice, should plaintiff be able to demonstrate

a specific change in her circumstances.

**IT IS SO ORDERED**.

Dated: October 6, 2020
        Albany, New York

Christian F. Hummel
U.S. Magistrate Judge