UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHELE GRAY,

                          Plaintiff,

  -v-                                1:20-CV-718

FIDELITY INVESTMENT,

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                        OF COUNSEL:

MICHELE GRAY
Plaintiff Pro Se
165A Vandenburgh Place Apt. 1
Troy, New York 12180

BRESSLER, AMERY LAW FIRM-NY    NIKOLAS S. KOMYATI, ESQ.
Attorneys for Defendants
17 State Street 34th Floor
New York, New York 10004

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

On June 29, 2020, plaintiff Michele Gray ("Gray" or "plaintiff") filed the present complaint against defendant Fidelity Investment[1] ("Fidelity" or "defendant"). Dkt. 1. In sum and substance, plaintiff alleged a breach of

---

[1] As defendant points out, plaintiff mistakenly identified defendant by its trade name, Fidelity Investment, rather than by the name of the business entity, Fidelity Brokerage Services, LLC. *See* Dkt. 33-2 ("Komyati Aff."), ¶ 3.

fiduciary duty, breach of contract, negligence, and intentional infliction of emotional distress.  *See* Dkt. 33-5, p. 2.[2]

On September 11, 2020, Fidelity filed a motion to compel arbitration to divert Gray's claims from this Court.  Dkt. 16.  During the course of arbitration, plaintiff submitted pleadings and was permitted to conduct an evidentiary hearing with the arbitration panel over video conference. Dkt. 33-5, pp. 2-3.  After plaintiff's evidence came in, defendant filed a motion to dismiss plaintiff's claim.  *Id.* at 3.  The panel denied defendant's motion. *See id.*

Even so, the arbitration panel denied Gray's claims in their entirety on October 21, 2021.  Dkt. 33-5, p. 3.  Apparently disappointed with the arbitration panel's decision, plaintiff moved this Court to vacate the arbitration award in Fidelity's favor on October 28, 2021.  Dkt. 31.  On November 18, 2021, defendant responded in opposition and cross-moved to confirm the arbitration award.  Dkt. 33.  Those motions, having been fully briefed, will now be decided on the submissions without oral argument.

"A court's review of an arbitration award is . . . severely limited so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation[.]"  *Scandinavian Reins. Co. Ltd.*

---

[2] Pagination Corresponds with CM/ECF.

*v. St. Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71-72 (2d Cir. 2012) (internal citations and quotation marks omitted).  As a consequence, a party looking to vacate an arbitration award "bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law."  *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003).

Under the Federal Arbitration Act ("FAA"), an arbitration award can be modified or corrected only on the moving party's showing of one of three circumstances:

> (a) [w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award[;] (b) [w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted[; and] (c) [w]here the award is imperfect in matter or form not affecting the merits of the controversy.

9 U.S.C. § 11.

Conversely, fully vacating an arbitration award requires the challenging party to prove one of four sets of circumstances:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed

3

> them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Functionally, the Second Circuit only permits vacatur of an award if it was rendered in "manifest disregard of the law." *Schwartz v. Merril Lynch & Co., Inc.*, 665 F.3d 444, 451 (2d Cir. 2011).

However, a pro se party's submissions are to be construed liberally even under that daunting standard. *See, e.g.*, *Pfeffer v. Wells Fargo Advisors, LLC*, 2017 WL 2269541, at *2 (S.D.N.Y. May 23, 2017) (collecting cases).

Gray's primary argument in favor of vacatur seems to be that the arbitration award involved the wrong party. After all, plaintiff's arbitration complaint was decided as against Fidelity Brokerage Services, LLC, but her complaint before this Court names Fidelity Investment as defendant. To plaintiff's mind, the arbitration award thus has no force against defendant and cannot foreclose her from relief.

There are three problems with Gray's argument. First, as Fidelity points out, plaintiff's suit against it is something of a misnomer, because Fidelity Investments is not an entity: it is only a brand name. Komyati Aff. ¶ 3. In other words, Fidelity Brokerage Services LLC should properly be the defendant in this case, and should this case

4

proceed the proper remedy for the disconnect between defendant's two names would be to amend the caption rather than toss out the entire arbitration.

Second, Gray herself chose to name Fidelity Brokerage Services, LLC—correctly—as the defendant for her arbitration claim. Dkt. 33-3, p. 2 (plaintiff's arbitration claim naming Fidelity Brokerage Services, LLC as defendant). Though creative, plaintiff's apparent attempt to sandbag Fidelity must be rejected. Plaintiff made the deliberate choice to name Fidelity Brokerage Services, LLC in her arbitration award. She cannot now capitalize off of a discrepancy that she deliberately created to avoid an outcome with which she disagrees.

Third, even if Gray's naming Fidelity Brokerage Services, LLC as defendant in her arbitration claim *did* qualify as an error in need of addressing, vacatur would not be the proper remedy. Rather, a misnamed defendant seems to be precisely the type of imperfection in form that would allow for a modification of an arbitration award. *See* 9 U.S.C. § 11(c) (allowing for modification of arbitration award which is imperfect in form unrelated to merits). Accordingly, plaintiff's arguments relying on the name of the defendant for her arbitration claim are without merit.

But although Gray focused most of her effort on the argument concerning Fidelity's name, she also referenced several other potential bases for vacatur in her motion. Specifically, she claims that "there was an evident material miscalculation of figures"; "the award was procured by undue means"; "the arbitrators refus[ed] to hear evidence pertinent and material to the controversy"; "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made"; the arbitration panel exhibited total disregard for "a relief"; the arbitration panel botched discovery; the panel ignored her motion for sanctions; the panel "disregard[ed] . . . the nature of [her] claim statement"; and the panel disregarded plaintiff's "financial securities investments."
Dkt. 31, pp. 1-2.

In other words, Gray recited some of the bases for vacatur laid out in 9 U.S.C. § 10 and alleged broad-brush misconduct. What she did not do was provide any concrete details about anything the arbitration panel did to draw her ire. Neither did she provide citations to the arbitration transcript, or even make that transcript available to the Court.

Even reading Gray's motion to vacate as liberally as possible, that showing cannot be enough to carry her heavy burden of establishing that the arbitration award was handed down in manifest disregard for

6

the law.  *Schwartz*, 665 F.3d at 451.  If anything, the little the Court can gleam on this record suggests that the panel took plaintiff's claims seriously, considering that it denied defendant's motion to dismiss them.  Dkt. 33-5, pp. 2-3.

In short, then, Gray's efforts to see her arbitration award vacated have not provided the Court with any evidence at all of wrongdoing, and it was her burden to demonstrate one of the "very narrow" circumstances in which an arbitration award should be vacated. *Duferco*, 333 F.3d at 388.  Plaintiff's motion to vacate the arbitration award must be denied.  *See, e.g.*, *Beljakovic v. Melohn Props., Inc.*, 2012 WL 5429438, at *3-4 (S.D.N.Y. Nov. 7, 2012) (dismissing pro se plaintiff's motion to vacate arbitration award for failure to raise proper basis for vacatur).

In the normal case, "[u]pon the denial of a motion for vacatur, the Court must confirm an arbitration award."  *AmeriCredit Fin. Servs., Inc. v. Oxford Mgmt. Servs.*, 627 F. Supp. 2d 85, 102 (E.D.N.Y. 2008).  But this is not exactly the normal case.  Although the Court is hardly alone in dismissing Gray's motion to vacate as insufficient notwithstanding her pro se status, *Beljakovic*, 2012 WL 5429438, at *3-4, neither is it entirely convinced that dismissing her motion to vacate irretrievably without giving her any opportunity to support it is the proper result here.  Perhaps plaintiff could

7

support one or more of her bases for vacatur, now that it has been made clear to her that she must do so. The Court cannot deny her that chance.

Accordingly, in deference to Gray's pro se status, the Court will not confirm the arbitration award just yet. Instead, plaintiff's motion to vacate the arbitration award must be denied without prejudice. Plaintiff will be given one final opportunity to provide evidence to support her varied claims of misconduct by the arbitration board. Defendant's motion to confirm the arbitration award must therefore also be denied without prejudice at this time.

Therefore, it is

ORDERED that

1. Plaintiff Michele Gray's motion to vacate the arbitration award is DENIED without prejudice;

2. The Clerk of the Court is directed to correct the caption of this case to name Fidelity Brokerage Services, LLC as defendant;

3. Defendant Fidelity Brokerage Services, LLC's motion to confirm the arbitration award is DENIED without prejudice;

4. Plaintiff Michele Gray may renew her motion to vacate the arbitration award with citations to documentary evidence including excerpts from the arbitration evidentiary hearing transcript no later than Friday, January 14, 2022; and

5. Defendant Fidelity Brokerage Services, LLC may renew its motion to confirm the arbitration award no later than Friday, February 4, 2022.

IT IS SO ORDERED.

Dated: December 8, 2021
       Utica, New York.

David N. Hurd
U.S. District Judge