UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHELE GRAY,

        Plaintiff,

    -v-                1:20-CV-718

FIDELITY INVESTMENT,

        Defendant.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                OF COUNSEL:

MICHELE GRAY
Plaintiff, Pro Se
279 Troy Road, Suite #9-174
Rensselaer, NY 12144

BRESSLER, AMERY LAW FIRM    NIKOLAS S. KOMYATI, ESQ.
Attorneys for Defendant
17 State Street, 34th Floor
New York, NY 10004

DAVID N. HURD
United States District Judge

## **REFERRAL ORDER**

On June 29, 2020 *pro se* plaintiff Michele Gray ("Gray" or "plaintiff") filed this civil action alleging that defendant Fidelity Investment ("Fidelity" or "defendant") mismanaged certain funds. Dkt. No. 1. During some early

---

[1] "Fidelity Investment" is the trade name for "Fidelity Brokerage Services LLC."

motion practice, it came to light that plaintiff had filed an arbitration claim against defendant that involved the same dispute; *i.e.*, plaintiff's claim that defendant mismanaged her funds. *See* Dkt. No. 20. This litigation was stayed pending the outcome of the arbitral proceeding. Dkt. No. 24. After the arbitrator entered an award in defendant's favor, plaintiff moved in this action to vacate the arbitral award. Dkt. No. 31. Defendant opposed and cross-moved to confirm it. Dkt. Nos. 33, 44. The Court granted defendant's motion and denied plaintiff's motion. Dkt. No. 48. Judgment was entered accordingly. Dkt. No. 49.

On December 1, 2022, Fidelity moved to have Gray declared a "vexatious litigant." Dkt. No. 56. According to defendant, plaintiff has continued filing meritless lawsuits against defendant's officers and employees in other state and federal forums (arising from the same dispute over certain funds) even after this Court confirmed the arbitral award and entered judgment. *Id.*

There is a broad way and a narrow way to read this request. Read broadly, Fidelity's motion appears to request Gray be enjoined from filing *any* lawsuits against defendant or its officers, employees, or affiliates in *any* jurisdiction without prior leave of a judge of this Court. That request must be denied. This Court does not have the authority to act as a gatekeeper for others. Read narrowly, however, defendant's motion requests that plaintiff be enjoined from filing new lawsuits in the Northern District of New York

absent prior authorization.  That request could be granted.  This Court has the inherent authority to impose restrictive measures on vexatious or abusive litigants who appear before it.

As the Second Circuit has explained, "[t]he district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam) (cleaned up).  In determining whether to restrict a litigant's future access to the courts, the Second Circuit has instructed courts to consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).  "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id*.

Measured against this standard, a restriction on Gray's future access to the courts of the Northern District of New York is warranted.  A review of CM/ECF shows that plaintiff has filed ten separate actions in this District over the last eighteen months.  *Gray v. U.S. Dep't of Justice*, 1:20-CV-712-GLS-DJS (filed June 29, 2020); *Gray ex rel. M.G. v. Nestle Waters N. Am., Inc.*, 1:20-CV-713-DNH-TWD (filed June 29, 2020); *Gray ex rel. M.G. v. GC Services/Apple*, 1:20-CV-714-TJM-ATB (filed June 29, 2020); *Gray ex rel. M.G. v. Amazon*, 1:20-CV-715-MAD-DJS (filed June 29, 2020); *Gray v. Am. Broadcast Co. et al.*, 1:20-CV-716-MAD-CFH (filed June 29, 2020); *Gray v. Fid. Inv.*, 1:20-CV-718-DNH-CFH (filed June 29, 2020); *Gray v. Capstone Fin. et al.*, 1:20-CV-896-GLS-CFH (filed August 10, 2020); *Gray v. Amazon.com, Inc.*, 1:21-CV-116-MAD-DJS (removed on January 29, 2021); *Gray v. U.S. Dep't of Justice*, 1:21-CV-803-GLS-DJS (filed on July 15, 2021); *Gray v. Fid. Inv.*, 1:22-CV-41-DNH-CFH (removed on January 19, 2022).

A review of the dockets in these ten civil actions show that Gray's history of litigation is sometimes duplicative and typically vexatious.  First, a review of the dockets show that plaintiff has a history of filing multiple suits that name as defendants the same entity or entities.  For instance, plaintiff has filed multiple suits against Fidelity Investment, Amazon.com, and the U.S. Department of Justice.  Second, a review of the dockets show that plaintiff's conduct in these suits can fairly be labeled "vexatious."  Plaintiff has a

pattern of filing requests that prove to be untimely, meritless, or otherwise inappropriate. When those requests are properly denied, she often re-files the same or similar ones. *See, e.g.*, 1:20-CV-712 at Dkt. Nos. 21, 23. Plaintiff has also repeatedly moved to reopen proceedings (for meritless reasons) after those cases have been closed. *See, e.g.*, 1:20-CV-714 at Dkt. No. 18; 1:20-CV-715 at Dkt. No. 34.

Notably, all ten of the civil actions listed *supra* have been dismissed for one reason or another. Typically, dismissal of these actions has occurred because the claims were plainly meritless. For instance, in the 1:20-CV-713 action, this Court granted summary judgment to defendant because "a review of Gray's 200+ page filings . . . . are, at best, *ipse dixits*—these filings support her claims of harm traceable to [defendant] . . only because she appears to believe that they do." *Gray v. Nestle Waters N. Am., Inc.*, 2022 WL 2984217, at \*3 (N.D.N.Y. July 28, 2022).

Gray has appealed from most of these adverse determinations. With the exception of a few instances in which the appeal has not yet been heard, the U.S. Court of Appeals for the Second Circuit has routinely dismissed the appeal, either because it lacked jurisdiction or because it was frivolous; *i.e.*, it "lack[ed] an arguable basis either in law or in fact." 1:20-CV-714 at Dkt. No. 30 (jurisdiction); 1:20-CV-715 at Dkt. No. 47 (frivolous); 1:21-CV-116 at Dkt. No. 26 (frivolous); 1:22-CV-41 at Dkt. No. 28 (jurisdiction).

The underlying motivation for Gray's litigation conduct is unclear. Each of the ten actions discussed above was filed *pro se*; *i.e.*, plaintiff acted without the benefit of an attorney's involvement. And although she was given an opportunity to respond to Fidelity's request to have her declared a "vexatious litigant," plaintiff has not filed any response. Given that plaintiff's suits, and her appeals from those suits, have repeatedly been dismissed as frivolous, it is impossible to conclude that she is still acting in objective good faith.

To the contrary, at this point it is clear that Gray is simply using the courts as a forum to air her grievances. For example, in the 1:20-CV-716 action, plaintiff's complaint alleges that a media network's decision to cancel "*How to Get Away with Murder*" was a "serious injustice" that caused her to "grieve." Likewise, in both the 1:20-CV-715 and the 1:21-CV-116 actions, plaintiff alleges that, after she used some toilet paper she purchased from Amazon, she wound up with an infection. Plaintiff's complaint in the 1:20-CV-713 action involves a similar story: that she became sick after drinking some water she purchased from a vendor. More recently, in the 1:21-CV-803 action, plaintiff alleges law enforcement officers from all over the country have been involved in a conspiracy to encourage other men to harass her.

Gray's litigation conduct has resulted in needless expense to other parties and an unnecessary burden on the courts and on court personnel. Plaintiff's ten actions have been assigned to no fewer than four different District Judges

- 6 -

and five different Magistrate Judges. The dockets in each action show that each and every one of these judicial officers have been extensively involved in shepherding these suits along to completion. And as Fidelity's motion and documentation make clear, plaintiff's refusal to accept dismissal of these suits has resulted in needless expense to her litigation adversaries.

Enough is enough. In light of these findings, no sanction short of an injunction would be sufficient to protect the court and other parties. Her duplicative filings make clear that dismissal alone would be an insufficient remedy. And her repetitive filings and frivolous requests show that she is determined to continue to engage in abusive litigation conduct absent a more heavy-handed intervention. Accordingly, this matter will be referred to the Chief Judge for the entry of an injunction prohibiting plaintiff from future *pro se* filings in the Northern District of New York without prior leave of Court.

Therefore, it is

ORDERED that

1. Defendant's motion to declare plaintiff a vexatious litigant is GRANTED in part and DENIED in part; and

2. This matter is REFERRED to Chief U.S. District Judge Brenda K. Sannes for the issuance of a pre-filing injunction permanently enjoining

plaintiff from filing additional *pro se* cases in the Northern District of New York without leave of the Chief District Judge.

   IT IS SO ORDERED.


Dated:  January 26, 2023
        Utica, New York.

                                              _____
                                              David N. Hurd
                                              U.S. District Judge